**Wilbert SPRAGUE, Plaintiff-Appellee,**

v.

**The TEXAS COMPANY, Defendant-Appellant.**

**No. 43, Docket 24593.**

United States Court of Appeals Second Circuit.

Argued Oct. 11, 1957.

Decided Dec. 6, 1957.

Nathan Baker, New York City (Bernard Chazen, Milton Garber, and Baker, Garber & Chazen, New York City, on the brief), for plaintiff-appellee, Wilbert Sprague.

Gray Williams, New York City (Tompkins, Boal & McQuade, New York City, on the brief), for defendant-appellant, The Texas Co.

Before CLARK, Chief Judge, and LUMBARD and MOORE, Circuit Judges.

PER CURIAM.

The plaintiff, a member of the crew of the SS Wyoming owned and operated by the defendant, was injured when hot water and steam unexpectedly escaped from a water heater in the engine room while he and others were engaged in removing the head of the heater. At the conclusion of a two-day trial before the court and a jury the plaintiff moved for the direction of a verdict, saying "It is a question of negligence and unseaworthiness, and it appears without doubt and uncontradicted by any evidence by the defendant, and therefore the verdict should be directed in favor of the plaintiff,' * * * and the assessment of damage to be given to the jury." The court granted the plaintiff's motion for a directed verdict, stating in part "I would be content to direct a verdict on unseaworthiness alone * * *. I will put it on both grounds. I think the unseaworthiness is the principal ground." The question of damages was submitted to the jury.

Although the determination of negligence from the facts is ordinarily the function of the jury and not the court, the decision upon this appeal does not involve this principle. More than ample uncontradicted evidence of unseaworthiness supports the trial court's ruling on the motion.

Before the work of dismantling the head from the heater was commenced the water and steam intake valves were closed and the drain valve at the bottom of the heater had been opened to allow water and steam to escape. When the water ceased to flow from the drain and the pressure gauge registered zero, the work to loosen the nuts on the head of the heater was commenced. When all but two of the nuts had been removed pressure within the heater caused an explosion which permitted steam and hot water to escape, burning the plaintiff. Obviously, despite the indication on the pressure gauge that the pressure was zero and the fact that water and steam were no longer draining, there was water and steam under great pressure in the heater. The conclusion is inescapable that the valves or the gauge were not in proper working condition.

■ Negligence or notice of defective condition is not a necessary factor to sustain the trial court's decision. As Judge Hincks said in Poignant v. United States, 2 Cir., 1955, 225 F.2d 595, 596:

> "Under the general maritime law an injured seaman, once he proves an injury caused by an unseaworthy condition, may recover without proof of negligence on the part of the vessel's owner. * * * Since the inquiry in unseaworthiness cases is not directed to the issue of the owner's fault, it follows that prior notice, actual or constructive, of the unseaworthy condition is not essential to a cause of action based on that doctrine."

See also Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099; Mahnich v. Southern SS Co., 321 U.S. 96, 64 S.Ct. 455, 88 L.Ed. 561.

■ Because of the undisputed evidence on the subject of unseaworthiness the direction of a verdict in plaintiff's favor was proper and the judgment is affirmed.